J-S06021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MICHAEL LAMB | : | |
| Appellant | : | No. 1762 EDA 2019 |

Appeal from the PCRA Order Entered May 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010645-2009

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED SEPTEMBER 13, 2021**

Appellant Michael Lamb appeals from the order dismissing as meritless his timely first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA). Appellant's present counsel, George S. Yacoubian, Jr., Esq. (present counsel), has filed a petition to withdraw and a **Turner/Finley**[2] brief.[3]  We affirm the PCRA court's order and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) (providing the procedure for counsel to withdraw in collateral attacks on criminal convictions); **see also Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (same).

[3] We note that present counsel erroneously filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967).  Because present counsel is seeking to withdraw as PCRA counsel, he should have proceeded under the

*(Footnote Continued Next Page)*

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> On December 14, 2008[, at] approximately 10:30 PM, Decedent, Khalid Trice, was in front of his home on Torresdale Avenue engaged in conversation with his cousin Danielle, Danielle's friend Torrance Wright, Derrick Duburow, and Aquill Johnson when Appellant was observed approaching them. As Appellant approached, he reached into his waistband, produced a firearm, and began shooting Decedent. At the time of the deadly encounter, Decedent's mother, Beverly Davis, was inside the house, heard the shots and quickly headed for the front door to check on her son, but was stopped by Danielle.
>
> Police came into contact with Duburow at the crime scene who described the incident, ultimately giving a formal statement to detectives identifying Appellant, who he knew as M-Dot, as the shooter. Initially Johnson, who feared retaliation, fled, but was persuaded to give a statement to police by his mother and positively identified Appellant as the shooter from a photo array. Similarly, Wright, who was initially concerned about retaliation, told police he knew nothing about the shooting, eventually described what happened and identified Appellant as the perpetrator.

PCRA Ct. Op., 9/29/20, at 2-3 (citations and footnote omitted, some formatting altered).

On November 4, 2010, a jury convicted Appellant of first-degree murder and possessing an instrument of crime (PIC).[4] Jury Verdict Order of Sentence, 11/4/10. That same day, the trial court sentenced Appellant to a term of life

_____

*Turner*/*Finley* requirements. *Commonwealth v. Reed*, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). However, because an *Anders* brief provides greater protection to Appellant, we may accept an *Anders* brief in lieu of a *Turner*/*Finley* brief. *Id.* For purposes of this appeal, we refer to present counsel's brief as the *Turner*/*Finley* brief.

[4] 18 Pa.C.S. §§ 2502(a), and 907(a), respectively.

without the possibility of parole for murder and to a concurrent term of two and one-half to five years for PIC. ***Id.***

On November 16, 2010, Appellant filed a timely notice of appeal. On February 8, 2012, this Court affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Lamb***, 3193 EDA 2010, 46 A.3d 809 (Pa. Super. filed February 8, 2012) (unpublished mem.), *appeal denied*, 48 A.3d 1247 (Pa. 2012).

On May 8, 2013, Appellant filed a timely *pro se* PCRA petition. Following several continuances, the PCRA court appointed Lee Mandell, Esq., to represent Appellant, and Attorney Mandell filed an amended PCRA petition on April 25, 2017. On October 19, 2017, the Commonwealth filed a motion to dismiss Appellant's PCRA petition, and on March 1, 2019, the PCRA court filed its notice of intent to dismiss Appellant's PCRA petition without hearing pursuant to Pa.R.Crim.P. 907. Appellant filed his *pro se* response to the PCRA court's Rule 907 notice. However, on May 21, 2019, the PCRA court dismissed Appellant's PCRA petition without a hearing, and on June 6, 2019, Appellant filed his timely *pro se* notice of appeal. On July 2, 2019, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a *pro se* Rule 1925(b) statement on July 26, 2019. However, on August 27, 2019, this Court directed the PCRA court to hold a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), to determine whether Appellant knowingly and

- 3 -

voluntarily waived his right to counsel. At the ***Grazier*** hearing, Appellant informed the PCRA court that he wanted counsel to represent him. On September 18, 2019, the PCRA court appointed present counsel to represent Appellant, and after numerous continuances and subsequent re-listings due to COVID-19 protocols, the PCRA court directed present counsel to file a Rule 1925(b) statement on or before September 2, 2020. Present counsel filed a Rule 1925(b) statement on August 12, 2020, and on September 16, 2020, the PCRA court filed its Pa.R.A.P. 1925(a) opinion.

On September 28, 2020, present counsel filed his ***Turner/Finley*** brief and motion to withdraw. After this Court granted two continuances, the Commonwealth filed its brief on February 3, 2021. On April 12, 2021, Appellant filed a *pro se* motion for an extension of time in which to respond to the ***Turner/Finley*** brief. On April 27, 2021, we granted Appellant's motion for an extension of time, and directed Appellant to file his response on or before July 27, 2021. Appellant did not file his *pro se* response to the ***Turner/Finley*** brief until August 17, 2021.[5]

Before we reach the merits of the appeal, we must first address whether present counsel has fulfilled the procedural requirements for withdrawing his representation. When counsel seeks to withdraw representation in a collateral appeal, the following conditions must be met:

---

[5] We conclude that Appellant's late filing does not hinder our appellate review and will address the issues Appellant raised in his *pro se* response to the ***Turner/Finley*** brief.

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner** . . . and **Finley**, . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> *    *    *
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the [court in which the application was filed, meaning the trial court or the appellate court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted and some formatting altered).

Here, present counsel described the extent of his review, evaluated the issues Appellant identified, and concluded that all of Appellant's issues were meritless. Additionally, counsel sent Appellant a letter containing a copy of his motion to withdraw and a copy of the **Turner/Finley** brief.[6] In the letter, counsel advised Appellant of his right to proceed *pro se* or through privately

---

[6] We note that present counsel did not initially forward a copy of his letter to Appellant, and our Court ordered present counsel to comply with this requirement. Order, 10/14/20. Present counsel subsequently sent Appellant the letter with a copy of the motion to withdraw, the **Turner**/**Finley** brief, and an explanation that Appellant had the right to immediately proceed *pro se* or through privately retained counsel. Resp. to Order, 10/14/20.

- 5 -

retained counsel. Resp. to Order, 10/14/20. Therefore, we conclude that present counsel has complied with the requirements necessary to withdraw as counsel. *See Doty*, 48 A.3d at 454.

In the *Turner*/*Finley* brief, counsel noted that Appellant believed trial counsel was ineffective for failing to do the following: object to Appellant's pre-trial identification, call witnesses who were favorable to Appellant at trial, and call an expert who would testify on the unreliability of eye-witness testimony. *Turner*/*Finley* Brief at 8-12. Additionally, present counsel noted that Appellant believed that he had a claim of after-discovered evidence based on Torrance Wright admitting that he falsely identified Appellant as the killer; however, present counsel concluded there was no merit to this claim. *Id.* at 12.

As stated above, Appellant filed a *pro se* response to present counsel's *Turner*/*Finley* brief. Resp. to *Turner/Finley* brief, 8/17/21. In his response, Appellant asserted that the PCRA court erred by not holding a hearing, and that present counsel was ineffective for failing to raise and develop Appellant's after-discovered evidence claim. *Id.* at 6, 21-30.

We review an order denying a petition for relief under the PCRA bearing in mind the following principles:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered), *appeal denied*, 216 A.3d 1029 (Pa. 2019). Additionally, when reviewing an order denying a PCRA petition without a hearing, we "determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing." *Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018) (citations omitted). When there are no disputed factual issues, an evidentiary hearing is not required. *Id.* (citations omitted); Pa.R.Crim.P. 907.

Present counsel's first three issues present claims of ineffective assistance of counsel. *Turner*/*Finley* Brief at 8-12. We review such challenges as follows:

> [In order] to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.
>
> We have explained that a claim has arguable merit where the factual averments, if accurate, could establish cause for relief. Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success.

Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective. Moreover, a failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness.

*Sandusky*, 203 A.3d at 1043-44.

As stated, present counsel first raises ineffective assistance of counsel claims with respect to trial counsel's alleged failure to object to Appellant's pre-trial identification, call witnesses favorable to Appellant at trial, and call an expert who would testify that eye-witness testimony is unreliable. *Turner*/*Finley* Brief at 8-12. We agree with present counsel's assessment that these three claims of ineffectiveness are meritless.

The first claim of ineffectiveness concerns trial counsel's alleged failure to object to the identification process utilized by the detectives. *Turner*/*Finley* Brief at 8. The record reveals that on October 25, 2010, Appellant's trial counsel argued his pretrial motion to suppress allegedly suggestive identification procedures with respect to two Commonwealth witnesses: Derrick Duburow and Torrance Wright. N.T., 10/25/10, at 8. Trial counsel argued that the police showed witnesses a single photo of Appellant and then presented the photographic arrays from which the witnesses were

to identify the perpetrator. *Id.* at 8-9. The PCRA court addressed this issue as follows:

> Detective Gaul testified about the photograph software he used to compile photo arrays to show to identifying witness Derrick Duburow. Duburow knew Appellant prior to witnessing the shooting, and was able to provide physical and demographic information which was then input into the software and multiple photo arrays were produced for him to view. When Mr. Duburow identified Appellant after viewing multiple photo arrays, the software printed out the single photograph of Appellant that appeared in the array. Trial counsel extensively cross[-]examined Detective Thomas Gaul on this procedure. Detective Harkins testified to his showing Torrance Wright a photo array containing Appellant's photo which he identified as the shooter. Trial counsel cross examined Detective Harkins about this procedure and the photo array was admitted to evidence. Duburow himself then testified that he did in fact identify Appellant from a photo array and that he already knew Appellant prior to the shooting. After argument, the motion to suppress the identification was denied. These facts make it clear that trial counsel did indeed make strategic decisions around the identification issue in this case. This [c]ourt's denial of the motion to suppress the identification made it admissible at trial, making an objection to the identification useless.

PCRA Ct. Op. at 4 (record citations omitted).

After reviewing the record, we agree with the PCRA court that trial counsel did in fact challenge the identification process. N.T., 10/25/10, at 8-21. Because trial counsel pursued the action Appellant claims was not taken, there is no merit to the ineffectiveness claim. *See Commonwealth v. Gwynn*, 943 A.2d 940, 946 (Pa. 2008) (stating that the petitioner's "claim that appellate counsel was ineffective for failing to raise trial counsel's

ineffectiveness on direct appeal is meritless since it was, in fact, raised").[7]

Accordingly, the assertion that trial counsel was ineffective in failing to challenge the identification process is meritless, and Appellant cannot satisfy the requirements for a successful claim of ineffective assistance of counsel. **See Sandusky**, 203 A.3d at 1043-44. We conclude that the PCRA court's findings are supported by the record and that there was no error in the PCRA court's conclusion. **Id**. at 1043.

The next issue presented in the **Turner**/**Finley** brief is a claim that trial counsel was ineffective for failing to subpoena witnesses favorable to Appellant. **Turner**/**Finley** Brief at 9. The PCRA court concluded that this issue was meritless and noted as follows:

> Appellant's PCRA [p]etition mentions other unnamed witnesses to the shooting who did not testify and Police Officer Jason Branyan who Appellant alleges could testify to Duburow's credibility. Trial counsel did in fact call eyewitness Amanda Bunn and private investigator Mark Shaffer to testify. Additionally, eyewitnesses Aquill Johnson, Derrick Duburow and Torrance Wright were called by the Commonwealth to testify and cross examined by defense counsel. Duburow's interaction with Officer Branyan apparently included Branyan confiscating marijuana from his person at the police station. Despite Branyan's not testifying, this information was still relayed to the jury. Additionally, Duburow's credibility was extensively questioned by defense counsel's thorough

---

[7] Furthermore, the record reveals that Duburow refuted Appellant's allegation of a suggestive identification as Duburow denied that detectives showed him an individual photo of Appellant prior to displaying the photo arrays. N.T., 10/26/10, at 37-39. Additionally, Duburow stated that he knew Appellant prior to the murder, and he testified that he recognized Appellant at the time of the shooting. **Id.** Similarly, Wright also identified Appellant as the perpetrator and testified that he knew Appellant prior to the murder. N.T., 10/29/10, at 41.

examination of his criminal history. It is clear that trial counsel did indeed strategically evaluate the case and make decisions on which witnesses to call as well as cross examining each Commonwealth eyewitness. While counsel did not call Officer Branyan to testify, the credibility information that Appellant wished the jury to consider was in fact made available and therefore there is no reasonable possibility that the outcome would have been different if the Officer were to testify. Trial counsel was not ineffective in his strategic decisions on which witnesses to call.

PCRA Ct. Op. at 4-5. Similar to our conclusion in the first issue, because trial counsel in fact pursued the action Appellant claims was not taken, there is no merit to this ineffectiveness claim. *See Gwynn*, 943 A.2d at 946.

In the final claim of ineffectiveness from the *Turner*/*Finley* brief, present counsel notes that Appellant believed trial counsel was ineffective for failing to secure an expert witness who would have testified regarding the unreliability of eyewitness testimony. *Turner*/*Finley* Brief at 11-12.

> Appellant's final claim of ineffectiveness concerns trial counsel's decision not to produce expert testimony on the unreliability of witness identification. Defense counsel did not present expert testimony however, he cross examined all identifying witnesses and brought up issues surrounding the identifications repeatedly. This shows a consideration and strategic decision by trial counsel. Further, Appellant has not shown how this is an issue of merit that would change the outcome of the case.

PCRA Ct. Op. at 4-5. As we noted above, the eyewitnesses, Duburow and Wright, testified that they knew Appellant prior to the murder. N.T., 10/26/10, at 37-39; N.T., 10/29/10, at 41. We agree with the PCRA court that Appellant cannot establish prejudice. Here, even if trial counsel presented an expert witness to challenge the accuracy of eyewitness testimony, the

witnesses already knew Appellant, and Appellant cannot establish a reasonable likelihood that the result of the trial would have been different. ***Sandusky***, 203 A.3d at 1043-44.

In the final issue raised in the ***Turner***/***Finley*** brief, present counsel refers to a claim of after-discovered evidence. ***Turner***/***Finley*** Brief at 12. To be eligible for relief on a claim of after-discovered evidence, a PCRA petitioner must plead and prove by a preponderance of the evidence that "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S. § 9543(a)(2)(vi). Moreover,

> [the] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

***Commonwealth v. Pagan***, 950 A.2d 270, 292 (Pa. 2008).

Here, the PCRA court concluded that Appellant's after-discovered evidence claim failed the first prong of the test, *i.e.*, that this evidence could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence. PCRA Ct. Op., at 5. The PCRA court explained:

> Appellant produced, in his [PCRA p]etition, a letter purporting to be written by Torrance Wright to one of Appellant's fellow inmates in which [Wright] writes "the cops made me say it was him" and a notarized letter from Torrance Wright in which he states "I lied on the witness stand." First, neither of these letters provides a clear recantation explaining what Wright lied about and what is the truth. Additionally, Wright's lying is not [after] discovered

evidence. Wright's testimony encompassed a discussion about how his story on what he witnessed changed from his initial statement to police, to his preliminary hearing testimony, to his trial testimony. N.T., 10/29/2010, at 8-19; N.T., 11/2/2010, at 61-141. Wright's extensive questioning covered the extent of his lying, [and] the jury was fully informed of every change in his story, including times he claimed Appellant did not murder the victim. Therefore, not only is this not [after] discovered evidence, it certainly would not change the verdict because the jury had [this evidence] to consider and still found Appellant guilty.

*Id.* at 5-6 (some formatting altered).

We agree with the PCRA court. Wright's statement could have been obtained through the exercise of reasonable diligence because Appellant was aware of Wright's inconsistent statements during trial.[8] ***Id.*** at 6. Additionally, as the PCRA court noted, the jury weighed Wright's already-inconsistent testimony and convicted Appellant. ***Id.*** Even if Appellant obtained Wright's inconsistent statement, we cannot conclude that the verdict would have been different. ***See Pagan***, 950 A.2d at 292. Accordingly, there is no merit to this claim.

After reviewing the issues presented in the ***Turner***/***Finley*** brief, we agree that the issues are meritless. Moreover, we discern no disputed factual issues, and we conclude that there was no error in the PCRA court dismissing Appellant's petition without a hearing. ***Hart***, 199 A.3d at 481.

_____

[8] Additionally, we note that because Wright was inconsistent in his testimony, any further changes in his testimony at trial would have been repetitive and cumulative of the inconsistent testimony that the jury already heard. ***See Pagan***, 950 A.2d at 292 (stating that after-discovered testimony must not be merely corroborative or cumulative).

- 13 -

We next address Appellant's *pro se* response to present counsel's ***Turner***/***Finley*** brief. In his response, Appellant contends that present counsel was ineffective for failing to raise and develop Appellant's after-discovered evidence claim regarding Wright's untruthful testimony. Resp. to ***Turner***/***Finley*** Brief, 8/17/21, at 20. Additionally, Appellant claims that the PCRA erred in dismissing Appellant's PCRA petition without a hearing based on this allegedly after-discovered evidence. ***Id.*** at 25. Because Appellant's issues are interrelated, we address them concurrently.

First, as discussed above, present counsel did in fact raise an after-discovered evidence claim concerning Wright's testimony. However, we concluded that there is no merit to the claim Wright's statement constituted after-discovered evidence, and it is well settled that counsel cannot be deemed ineffective for failing to raise a meritless claim. ***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa. Super. 2004). Additionally, we conclude that Appellant's issues do not present any disputed issues of fact. As such, there is no merit to Appellant's claim that the PCRA court erred in dismissing his PCRA petition without a hearing. ***See Hart***, 199 A.3d at 481; Pa.R.Crim.P. 907.

For the reasons set forth above, our independent review of the record confirms present counsel's assessment that there is no merit in Appellant's request for PCRA relief. ***See Doty***, 48 A.3d at 454. Additionally, we conclude that Appellant has not presented any meritorious issues in his response to the ***Turner***/***Finley*** brief. Accordingly, we discern no error of law or abuse of

- 14 -

discretion in the PCRA court's denial of Appellant's PCRA petition, and present counsel is permitted to withdraw from representing Appellant.

Order affirmed.  Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021